**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID LOGAN,**

          **Plaintiff,**

**-vs-**	    **Case No.  6:07-cv-999-Orl-22DAB**

**FLORIDA INVESTMENTS UNLIMITED,**
**INC., d/b/a:  Team Staffing Services,  and**
**BETH STEELE,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*  A Settlement Fairness Hearing was held on October 17, 2007 with counsel for both parties present.

Based on the representations of counsel, Plaintiff was employed by Defendants as a cashier and line server through the staffing company. The settlement to Plaintiff of $384.50 in unpaid wages and liquidated damages represents approximately half of the disputed amount Plaintiff sought, which was $892 for $260 in overtime plus liquidated damages of $260, and his last paycheck of $372. Doc. No. 13. Following discovery and review of all payroll records and time cards, Plaintiff alleged that his actual overtime damages were $12.50 plus his last paycheck (*see* Doc. No. 17 at 3), thus he has been fully compensated. Plaintiff's counsel explained that Plaintiff may have been a little confused about the overtime accrued because he worked at different companies through the staffing company.

The parties have agreed that Defendant will pay Plaintiff's attorneys $2700 in attorney's fees and $500 costs. Plaintiff's counsel accrued at least 18 hours in representation of Plaintiff, which amounts to a rate of $150 per hour; this does not include time spent dealing with settlement matters or attending the fairness hearing. Defendants' counsel estimated that he had spent twelve to fifteen hours representing his client in the case and opined that Plaintiff's counsel's time was not unreasonable. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of $384.50 to Plaintiff for unpaid wages and liquidated damages, and $3200 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 17, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy